IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leonard-Wesley Collier, | Case No.: 4:23-cv-05960-JD-KDW |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Chesterfield County Sheriff's Office; Deputy Sheriff Killian Daniel Loflin; Lieutenant John McCarn; and First Sergeant Justin Reichard, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 98), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants' dispositive Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] (DE 41.)

**A.     Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff Leonard-Wesley Collier, proceeding *pro se*, commenced this action alleging that Defendants—the Chesterfield County Sheriff's Office and several

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

individual law-enforcement officers—violated his constitutional rights in connection with a traffic stop and subsequent arrest. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth, Fifth, and Fourteenth Amendments, as well as claims premised on alleged conspiracies under 18 U.S.C. §§ 241 and 242.

After discovery, Defendants moved for summary judgment. Plaintiff filed a response in opposition and additional correspondence raising issues related to discovery. The Magistrate Judge considered the full record, including Plaintiff's filings, in resolving the motion.

**B.    Report and Recommendation**

On November 19, 2025, the Magistrate Judge issued the Report recommending that Defendants' Motion for Summary Judgment be granted. (DE 98.)

The Magistrate Judge concluded that Plaintiff failed to establish any constitutional violation arising from the traffic stop, arrest, or search of his vehicle. The Report further determined that Plaintiff's asserted theories— including claims premised on an unfettered right to travel, alleged *Miranda* violations absent custodial interrogation, and challenges to the validity of state traffic laws— were without legal merit. In addition, the Magistrate Judge concluded that Defendants are entitled to Eleventh Amendment immunity as to official-capacity claims and, alternatively, to qualified immunity as to individual-capacity claims.

Accordingly, the Magistrate Judge recommended entry of summary judgment in Defendants' favor.

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review of the Report and the underlying record, the Court finds none.

E.     Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 98) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendants' Motion for Summary Judgment (DE 74) is GRANTED.

This action is hereby CLOSED. The Clerk is directed to enter judgment in favor of Defendants.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 15, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.